JUDGE HARDIN
delivered the opinion op the court:
Although the sale of the land to the appellant was not by the acre, but in gross, the deficiency proved of forty-one and three fourths acres in the tract, which was sup *636 posed to contain two hundred acres, was beyond the range of ordinary contingency, and such as would in proper time have entitled the appellant to relief, on the ground that he acted, in purchasing the land, under a palpable mistake as to its true quantity. Whether the action was barred by limitation, therefore, is the only material question to be determined on this appeal.
The correct rule for applying the statute of limitations in cases like this, which is five years, seems to be, that the statute shall run from the discovery of the mistake, or from such time as, by the exercise of ordinary diligence, it ought to have been discovered by the plaintiff. (Grundy's heirs vs. Grundy, &c., 12 B. Mon., 271.)
It sufficiently appears by the answer of the defendant, in connection with the argument of counsel, that the sale was made, and the plaintiff put in possession of the land, in 1854; and that the plaintiff, being sued for a balance of the purchase money in 1856, attempted to defend the action on the ground that the quantity of the land was deficient to some extent; and afterwards, in January, 1857, he accepted a deed from the defendant conveying the land by metes and bounds, as containing two hundred acres. He could then have discovered the mistake even by having the quantity calculated from the calls of the deed, and doubtless could have done so before from the boundary given in the bond for title, which he held. At all events, he could easily have solved any doubt as to the quantity of the tract by having it surveyed. This he failed to do, according to the statements of the petition, until the 11th of March, 1861, when, being about to sell the land to another, he caused a survey to be made, by which the tract appears to contain only one hundred and fifty-eight and one fourth acres and six poles; yet he did not bring this suit till the 3d day of November, 1862.
*637 If it be conceded that the appellant did not discover the deficit, or the extent of it, before the survey in March, 1861, still, in our opinion, he ought, with ordinary diligence, to have discovered it more than five years before he brought this suit, and the action was, therefore, barred by limitation.
Wherefore, the judgment is affirmed.