## Cogar, etc. v. National Bank of Lancaster.

(Decided January 10, 1913.)

### Appeal from Boyle Circuit Court.

1. Fraudulent Conveyances—Action to Subject Wife's Property to Husband's Debt—Limitation—Fraud.—In this action brought March 30, 1910 to subject to the payment of appellant's husband's debt, two lots, one conveyed to her October 1, 1894, the other April 21, 1902, upon the ground that they were deeded to her to defraud his creditors, the statute of limitations of five years barred the creditor's right to attack or set aside the deeds on the ground of fraud.

2. Fraudulent Conveyances—Action to Subject Wife's Property to Husband's Debt—Improvements—Liens—Erroneous Judgment.—As it was alleged and proved by the appellee creditor, however, that the husband within five years next before the institution of the action, in fraud of his creditors, made valuable and lasting improvements on one of the lots at his expense, the property, to the extent its value was thereby enhanced, would have authorized the judgment subjecting it to appellee's debt after satisfying other prior liens for which its sale had been adjudged, but for the fact that appellant's husband owed her rent on the lot during the years of his use of it, and for money she had furnished him by giving a mortgage on the lot, an amount largely in excess of the enhanced value given it by the improvements erected thereon by the husband; in view of which the judgment subjecting the lot to the payment of appellee's debt was error.

3. Fraudulent Conveyances—Action to Subject Wife's Property to Husband's Debt—Weissinger Act—Failure of Creditor to Show Fraud.—As under the statute of 1894, known as the Weissinger Act, the wife has the same right to own property, make contracts and earn

money as the husband, it is no longer necessary in an action by the husband's creditor to subject to the latter's debt property held in her name, for the wife to allege affirmatively that the property which stands in her name is her separate estate. The statute makes it so, all that the wife has to do is to deny the allegations of the fraud. If the creditor fail to show the fraud, he cannot subject her property to the husband's debt.

CHENAULT HUGUELY, ROBT. HARDING, and E. V. PURYEAR, for appellant.

CHAS. C. FOX, W. I. WILLIAMS, for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

Appellee being the holder of two matured unpaid notes, each for $500.00, against the appellant, George Cogar, a paralytic and person of unsound mind, brought this action March 30, 1910, in the court below, to subject to their payment two certain parcels of ground situated in the city of Danville, particularly described in the petition. The appellants, George Cogar, Chenault Huguely, his committee and Lydia V. Cogar, wife of the former, were made defendants.

The title to the two parcels of ground mentioned is in the appellant, Lydia V. Cogar. One of these lots is known as the Russell lot and was conveyed her by deed from E. B. Russell and wife executed October 1, 1894, for the recited consideration of $6,250.00; but only a small part of the purchase price was then paid, a note being given by Mrs. Cogar for the remainder secured by a vendor's lien. Of this note it is admitted $4,000.00 yet remains unpaid. The other lot, known as the Knott property, was by deed from J. Proctor Knott and wife conveyed Lydia V. Cogar, April 21, 1902. The consideration expressed in the deed for this conveyance was $6,200.00 cash in hand paid. It was alleged in the petition that both the Russell and Knott lots were purchased by the appellant, George Cogar, and paid for by him, and that he caused them to be conveyed to his wife for the fraudulent purpose of cheating, hindering and delaying his creditors; that the two notes sued on were remnants of a debt of $10,000.00 for which George Cogar was liable to appellee before the conveyance to his wife of either of the lots in question; and that after his wife took the title to the Russell lot George Cogar expended of his own money in erecting buildings and making other improvements thereon not less than $20,000.00, which enhanced the value to that amount; and that not less than $8,500.00

of the money thus applied was expended by him on improvements made on the lot within five years of the institution of appellee's action.

Separate answers to the petition were filed by Mrs. Cogar and the committee of George Cogar, which were later amended. The answers as amended traversed the averments of the petition, pleaded the Statute of Limitations and that of Mrs. Cogar, in addition, set up the further defense that, within five years next before the institution of appellee's action, she, for the purpose of furnishing her husband $10,500.00 and to repay him what he had expended in improving the Russell lot, borrowed from Messrs. Farris, Quisenberry and Cheek and delivered to him, by means of a mortgage executed upon the lot, that amount, which sum was appropriated and used by the husband alone. Moreover, that, from the time of her purchase of the lot down to the institution of appellee's action, her husband used and occupied the lot for the purpose of conducting his business of buying and selling hemp and grain, and that its rental value during that time was not less than $2,500.00 per year, no part of which was ever paid to or received by her; that if her lot should be charged with the value of any part of the improvements erected thereon by her husband, such charge should be credited and set off by the rental value of the Russell lot during his incumbency of it and that the rents so due her for his use of the lot exceeded in the aggregate the value of the improvements he placed thereon.

After the necessary responsive pleadings on the part of the appellee and the taking of proof in the case, the court rendered judgment dismissing the action in so far as it sought to subject to the payment of appellee's debt the Knott lot, but holding that to the extent that George Cogar had enhanced the value of the Russell lot by improvements made thereon within five years next before the institution of appellee's action, it should, by reason thereof, be subjected to the payment of appellee's debt, which the judgment declared a lien upon the lot subject to the vendor's lien of $4,000.00 mentioned, and the Farris, Quisenberry and Cheek mortgage lien of $10,500.00 and certain other liens, for the satisfaction of all of which judgment had previously been rendered in other actions pending in the same court.

From so much of the judgment as subjected the Russell lot to the payment of the appellee's debt the appel-

lants, Lydia V. Cogar and Huguely, committee of George Cogar, have appealed.

As appellee complains of the judgment of the circuit court dismissing the petition as to the Knott lot, we deem it proper to say this was authorized on two grounds. First, as the burden of proof was on the appellee to show that the Knott property was paid for with the money of the husband instead of that of the wife, and there was no competent evidence tending to establish the fact, the presumption must be indulged that the purchase money for the lot was paid by the wife as stated in the deed, and that there was no fraud in the conveyance.

In Guthrie v. Hill, 138 Ky., 181, 127 S. W. 767, we held that since the enactment of the statute of 1894, known as the Weissinger act, the wife having the same right to own property and make money as her husband, "It is no longer necessary for the wife to allege affirmatively that the property which stands in her name is her separate property. The statute makes it so. All that the wife has to do is to deny the allegations of the fraud. If the husband's creditor fail to show the fraud he cannot subject her property to the husband's debt." Aultman & Taylor Mch. Co. v. Walker, 124 S. W. 329. Second, as more than five years elapsed between the date of the execution of the deed to Mrs. Cogar from Knott and wife, and that of the filing of appellee's petition, the action was barred by the statute of limitations.

Appellee's action is based on section 1907, Kentucky Statutes, but the action it allows is required by section 2515, Kentucky Statutes, to be brought within five years next after the cause of action accrues. It is true section 2519, Kentucky Statutes, declares that "In actions for relief for fraud or mistake, or damages for either, the cause of action shall not be deemed to have accrued until the discovery of the fraud or mistake;" but it also provides that: "No such action shall be brought ten years after the time of making the contract or the perpetration of the fraud."

It was neither alleged nor proved by appellee that it did not know of the fraud, if there was any, in the conveyance of the Knott lot to Mrs. Cogar at the time the deed was made or immediately following its execution.

The recording of the deed was notice to appellee of her holding of the title, and as that instrument acknowledged the payment by her of the consideration, if it had

any reason to doubt the bona fides of the transaction, such notice was sufficient to put it upon inquiry as to the facts. No reason, therefore, is shown for appellee's failure to bring the action within the five years next after the execution of the deed.

But aside from what has been said, as appellee has not taken a cross-appeal from that part of the judgment refusing to subject the Knott lot to the payment of its debt, we are not required to review it.

The relation of the Russell lot to the case is, in some respects, upon a different footing. As appellee's action was not brought for more than fifteen years after the execution of the deed conveying Mrs. Cogar the Russell lot, any right that appellee might have originally had to attack the conveyance and set it aside on the ground that it was made to her in fraud of her husband's creditors, has long since been barred by the statute of limitations. But even if there were no fraud in the conveyance and the wife had paid her own money for the lot satisfying the entire consideration, if thereafter, and, as alleged in the petition, her husband, by her acquiescence and within five years of the bringing of this action, erected buildings or made other improvements upon the lot at his expense and in fraud of his creditors, the property, nothing else appearing, would, to the extent its value was enhanced by the expenditures of the husband, be liable for his debts, upon the principle announced in Patton's Ex. v. Smith, 130 Ky., 819, and other cases in the opinion cited.

But we do not think it was proper to subject the property of Mrs. Cogar known as the Russell lot to the payment of appellee's debt, because of the equities existing in her behalf, which differentiate the case from that of Patton's Ex. v. Smith, supra. In that case the right to subject the wife's land to the payment of the husband's debt was because the property was accumulated solely by the industry, energy and skill of the husband. But in the case at bar it was not made to appear that the property sought to be subjected to the husband's debt was accumulated by his energy, industry and skill. On the contrary the lot was acquired by the wife in a presumably proper manner and at a time when the husband was solvent. In addition it was held and owned by her without molestation from the husband's creditors beyond a time within which the deed itself could have been set aside on the ground of fraud, by the husband's creditors.

She, however, permitted the husband to erect warehouses upon the lot for storing hemp and grain he was engaged in buying and selling. Some of these buildings were erected within five years next before the institution of this suit by the creditor which alone gave occasion for an attempt upon the part of that creditor to subject the property to the payment of his debt.

But, in determining to what extent, if at all, the property should on this ground be held liable for such debt, the court should have taken into consideration the equities presented in behalf of Mrs. Cogar.

Manifestly, it would be unjust to permit the Russell lot to be sold for appellee's debt because of the improvements her husband made upon it in the five years next before the institution of appellee's action, without allowing her rents fairly chargeable to the husband during his occupancy of the lot and also the $10,500.00 received by the husband, through her execution of the mortgage, by way of repayment for what he expended for the improvements.

It would not be proper, however, in fixing the amount of rents to which Mrs. Cogar is entitled, to allow as much as she demands, for that would place the annual rental on the basis of the increase given the rental value of the property by the improvements the husband put on the lot. She should be allowed instead what would be a fair rental value of the property, during the years it was used by her husband in his business, without the buildings and other improvements made by her husband. When conveyed to Mrs. Cogar the Russell lot contained a small brick residence and a frame store-room, of which her husband had the use as well as of the warehouses he later erected on other parts of the lot. Fairly averaging the evidence as to the rental value of the entire lot, which is a large one, we think its rental value in its condition, without the additional buildings and other improvements made by the husband, was and is $500.00 per year, or $7,500.00 during the fifteen years of his occupancy of it.

As appellee only claims and its proof shows only $8,500.00 was expended by George Cogar in improvements made on the lot within five years next before the institution of the action, if it be conceded that the value of the lot was enhanced thereby $8,500.00 still, as this amount should be credited by the rent of $7,500.00, due Mrs. Cogar and offset by the $10,500.00, her husband,

according to the uncontradicted evidence, received from the mortgage she executed on the property, the account would stand in her favor $9,500.00, or if the entire value of all the improvements made by the husband on the lot during his entire use of it, which the evidence fairly shows to be about $17,000.00, should be charged against her, her claim would still exceed that amount by $1,000.00.

In view of these facts, there was no ground shown for subjecting the Russell lot to the payment of appellee's debt. The declarations of various witnesses found in the record as to statements of George Cogar, tending to show a claim of ownership, of the Russell lot or power to dispose of it, were incompetent as evidence against his wife and should have been excluded because made long after her acquisition of the lot, when she was not present and without her knowledge. Like the declarations of an alienor made after alienation they cannot affect the alienee unless acquiesced in by the latter. Ball, Sr., v. Irwin & Son, 21 R., 367; 16 Cyc. 999.

For the reasons indicated the judgment is reversed with directions to the circuit court to dismiss appellee's petition.