## Hamilton, et al. v. Preston, et al.

(Decided October 6, 1915.)

Appeal from Pike Circuit Court.

1. **Parent and Child—Infant Children—Support of—Father Must Provide.**—Primarily the duty to support, maintain and educate his

child rests upon the father, and, it is a necessary consequence of the duty to support the child, that the father may be held liable for necessaries furnished to the child by a third person, where he has failed to furnish them; and a promise to pay for necessaries furnished to a dependent child may be implied from his duty to support the child and failure to do so.

2. Parent and Child—Burden of Supporting Child—Cannot Be Cast By Father Upon Another.—Where the father of dependent infant children, instead of providing them with the necessaries required for their support, suffers an adult married daughter, their elder sister, to do so, the law imposes upon him the duty to reasonably compensate her for such necessaries as she may furnish the children for their support; and if he should die before such compensation is made, liability therefor will fall upon his estate.

3. Fraudulent Conveyances—Voluntary Conveyance—Fraudulent as to Creditors—Action to Set Aside.—If one be indebted at the time of a voluntary conveyance of his property, such conveyance is presumed to be fraudulent as to those debts; and this presumption as to prior debts does not depend upon the intentions or circumstances of the party conveying, or the amount conveyed. The law will not permit an inquiry into these matters or give them any weight or influence. As to subsequent debts, the creditor who assails a voluntary conveyance must show, in addition, circumstances justifying the presumption that the intent of the conveyance was fraudulent before the land conveyed can be properly subjected to the payment of such debts.

4. Fraudulent Conveyances—Joint Deed to Husband and Wife—Consideration Paid by Husband—Makes Conveyance Voluntary as to Existing Debts of Husband—Interest Conveyed Wife Will Be Liable Therefor.—Where one purchased and himself paid for a lot which he caused the grantor to deed to himself and wife jointly, the deed, insofar as the conveyance of the interest to the wife is concerned, is as much a voluntary conveyance by the husband as if the deed had been made by him directly to the wife without consideration; and such deed, as to the interest conveyed the wife, will, at the suit of a creditor whose debt existed at the time of the conveyance, be set aside and the property subjected to the payment of his debt.

STATON & PINSON and JOHN N. HAMILTON for appellants.

J. S. CLINE for appellees.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

J. M. Maynard, of Pike County, Kentucky, died in the latter part of the year 1911, intestate. He was married three times. The first wife, Emma Maynard, obtained a divorce from him and is still living. The second wife, Vina Maynard, died shortly after the marriage. The

third wife, Alafare Maynard, survived the decedent, is yet living and a resident of Pike County. There were born to the decedent by his first wife five children: Della Maynard, now Della Preston, Luther Maynard, Charles Maynard, Lizzie Maynard and Maud Maynard, the last two being infants over fourteen years of age. No children were born of the second or third marriages, but the decedent's second wife, Vina Maynard, left surviving her two children, born before her marriage to the decedent, viz.: Grant Hall and Betty Roberts. It is not claimed that the decedent was the father of either of these two children. The decedent left no personal estate of value, but at the time of his death was occupying a house and lot in Pikeville, worth eight or nine hundred dollars, acquired by deed from Lilburn Farmer of date February 11, 1908, which purported to convey the property to "J. M. Maynard and Vina Maynard, his wife," jointly. In addition, he owned an unimproved lot of little value, adjoining the one mentioned, to which he alone held the title.

January 8, 1912, this action was instituted by Grant Hall and Betty Roberts and the husband of the latter against Alafare Maynard, widow of the decedent, and Della Preston, Luther Maynard, Charles Maynard, Lizzie Maynard and Maud Maynard, children of the decedent by his first marriage; its object being to obtain a sale of the Pikeville house and lot first mentioned and division of the proceeds, one-half to Grant Hall and Betty Roberts, children of Vina Maynard, deceased, and the other half to the above named children of the decedent J. M. Maynard. It was alleged in the petition that the property in question was jointly owned by the decedent and his second wife, the mother of Grant Hall and Betty Roberts, and that at her death her undivided half thereof descended under the statute to them, and the decedent's undivided half thereof to his five children named above, subject to the dower of the decedent's widow, Alafare Maynard. It was also alleged in the petition that the property was indivisible, for which reason it would have to be sold and the proceeds divided. A guardian *ad litem* was appointed for the infants Lizzie and Maud Maynard.

The decedent's widow by separate answer resisted the claim of Vine Maynard's children to any part of the property and asserted her right to dower therein. Della Preston filed a separate answer, which was made a counterclaim against the appellants and a cross petition

against her brothers and sisters and the widow of the decedent, and in which, in addition to a traverse of the material averments of the petition, it was alleged, in sub-stance, that although the deed to the lot in controversy was made jointly to the decedent and his then wife, Vina Maynard, the entire consideration expressed therein and actually paid for the lot was furnished and paid by the decedent, and no part thereof paid by Vina Maynard; that so much of the deed as purported to convey her a joint interest in the lot was made by his procurement and without consideration, which made the conveyance vol-untary on his part and fraudulent as to his creditors; that at the time of the execution of the deed and prior thereto the decedent was indebted to Della Preston in the sum of $1,100.00 for necessaries, in the way of food, raiment and medical bills, she furnished and paid in the maintenance of his infant children, her brothers and sisters named in the petition; that these necessaries were furnished and paid for by her because of the de-cedent's failure to provide them with same as it was his legal and parental duty to do; that they were also furnished and paid for at the decedent's instance and re-quest and upon his promise to pay same, which he failed to do. It was further alleged in the answer, counterclaim and cross petition that the whole of the lot in question constituted a part of the estate left by the decedent and that same and the small unimproved adjoining lot, the title to which he later acquired, was liable for her debt and should be subjected to its payment.

In respect to the widow of the decedent it was averred in the answer, counterclaim and cross petition that she was not entitled to dower in the real estate left by the decedent, because of her having abandoned him before his death and living in adultery with another man or men.

The prayer of the answer, counterclaim and cross peti-tion asked the dismissal of the petition, the rejection of the widow's claim to dower; that the deed jointly con-veying to the decedent and his former wife, Vina May-nard, the lot in controversy be declared voluntary and fraudulent as to his creditors, insofar as it purports to convey Vina Maynard any interest in the lot; that the lot, together with the small adjoining lot, be sold to pay the decedent's indebtedness, including the $1,100.00 men-tioned; and, finally, that the cause be referred to the

master commissioner to take proof and report upon this claim of $1,100.00 and any others he might ascertain the decedent was owing.

Following the filing of the answer, counterclaim and cross petition, a guardian *ad litem* was appointed, on motion of Della Preston, for the infants Lizzie and Maud Maynard, made defendants therein; the attorney so appointed being the same previously named as guardian *ad litem,* in an order made pursuant to the prayer of the petition. Replies were filed by Hall and Mrs. Roberts and the decedent's widow, which traversed, respectively, the averments of the answer, counterclaim and cross petition affecting them.

After the completing of the issues to the extent indicated, one John N. Hamilton, by intervening petition, duly filed, asked to be made a party plaintiff in the action because of his purchase of Grant Hall and Betty Roberts their several alleged interests in the lot in controversy; the intervening petition being accompanied by a deed from Hall and wife and Mrs. Roberts and husband purporting to convey him their interests therein, respectively. Thereupon an order was entered making Hamilton a party plaintiff and directing that the action be thereafter prosecuted in the names of Hamilton and those of Grant Hall and Betty Roberts for his, Hamilton's, use and benefit. Later Betty Roberts died, intestate, following which and after due notice to the parties in interest, the action was revived in the name of John N. Hamilton as her grantee.

An order was entered referring the case to the master commissioner and after taking proof he filed a report allowing $900.00 of Della Preston's claim; $500.00 of which was for necessaries furnished the infant children of the decedent J. M. Maynard prior and down to the execution of the deed whereby the lot in controversy was jointly conveyed to the latter and his wife, Vina Maynard. The remaining $400.00 was for necessaries furnished such infants after that date and prior to the death of the decedent. The report further recited that for the $900.00 mentioned Della Preston was entitled to a lien upon the lot in controversy and the adjacent lot left by the decedent; also that the decedent paid the entire consideration for the lot conveyed to himself and wife jointly; that the deed as to the latter was voluntary, without consideration and void as to the decedent's then exist-

ing debts; that the two lots, and neither of them, could be so divided as to make separate sales advantageous; and, finally, that Alafare Maynard, widow of the decedent, was entitled to dower in all the real estate left by the latter, the value of which should be paid her in money following the sale of the property. Hall and Hamilton filed exceptions to the report of the commissioner and also to some of the depositions upon which it was based.

After the filing of the exceptions to the commissioner's report and the report of the guardian *ad litem* for the infant defendants the case was submitted upon the exceptions and the merits. Thereupon the court by the judgment entered sustained the exception to the deposition of Della Preston and overruled those as to the other depositions, but reduced the claim of Della Preston for necessaries furnished the children of the decedent prior to January 1, 1908, from the $500.00 allowed by the commissioner to $450.00, and the remaining $400.00, allowed by the commissioner for necessaries furnished them by her after that date and prior to the death of the decedent, to $350.00. In other respects the exceptions to the commissioner's report were overruled and the report confirmed. For the sum of $450.00, with interest from February 4, 1913, until paid, Della Preston was given a lien upon the two parcels of real estate left by the decedent, subject to the dower of the widow, Alafare Maynard, which was ordered to be paid her in money, according to the provisions of the life table applicable to her expectancy. For the remaining $350.00, with interest from February 4, 1913, she was given a lien on the unimproved lot not in controversy, subject to the dower of the widow, Alafare Maynard. The petition of Hall and Hamilton was dismissed and the real estate left by the decedent directed to be sold for the payment, first, of the amount due the widow by way of dower and then in satisfaction of the debts due Della Preston, as above indicated, after payment of the costs of the action. Hall and Hamilton excepted to the judgment and have appealed.

The first question to be determined is, should any part of the claim of the appellee, Della Preston, have been allowed? There can be no doubt from the evidence that the items of food, raiment and medical attention contained in the account were furnished and paid for by her and that the charges therefor are reasonable. The fact that

they were furnished is established by the testimony of numerous witnesses, and appellee's payment of the sums charged therefor is shown by checks and receipts appearing in the record, as well as by the testimony of witnesses having knowledge thereof. It is equally manifest from the evidence that the articles and matters embraced in the account were and are necessaries, and while the evidence is slight as to whether they were furnished by appellee at the instance and request of the decedent, the facts that the children to whom the necessaries were furnished by appellee were dependent, unable by reason of their tender years to earn a support and in imperative need of all that she furnished them, were abundantly shown, as was the further fact that the decedent knew all the while of their need of such necessaries and that they were being furnished and paid for by appellee. Indeed, his recognition of his obligation to do for his children what the appellee, their sister, did for them, is shown by evidence to the effect that he repeatedly fixed times for some of them to come to him for money, but when such times arrived would fail to give it to them. Although the decedent's first wife, the mother of these children, was divorced from him, it is not shown by anything appearing in the record that the judgment of divorce gave the wife the custody of these children, who were young and helpless and remained so nearly as long as the decedent lived. Their mother, according to the evidence, though still living, has no estate whatever and has been prevented by ill health from contributing in any material degree to their support.

The divorce did not absolve the father from the duty to support and educate his children, and yet he attempted to impose this duty upon his daughter, their elder sister, who has a child of her own to support. Primarily, the duty to support, maintain and educate the children rests upon the father; and during the lifetime of the father the mother is not bound to support the children, and, as said in 29 Cyc., 1608:

"It is a necessary consequence of the duty to support the child that the parent may in a proper case be held liable for necessaries furnished to the child by a third person; but in order to hold the parent liable there must be either an express promise to pay or circumstances from which a promise can be implied, some clear and palpable omission of duty on the part of the parent in not furnishing necessaries to the child, or some special exigency

rendering the interference of such person reasonable and proper. Where the child lives with the parent and is provided for by him, the parent is not liable to third persons for necessaries furnished to the child."

Again, on page 1610, the same volume, it is said:

"It has been held that a promise to pay for necessaries furnished to a child may be implied from the parent's duty to support the child, and the knowledge of the parent that another person is boarding the child with the expectation of being paid therefor imports an obligation to pay. * * *"

The above doctrine does not, of course, apply where the mother is given custody of the child or children, is possessed of an estate sufficient to that end, and voluntarily assumes their support; nor does it apply where an infant ward has in the hands of his guardian an estate sufficient to support him. Clay's Guardian v. Clay, 27 R., 1020; Bailey, etc. v. Penick, etc., 10 R., 239.

Although it does not here appear that there was an express promise on the part of the decedent to compensate the appellee, Della Preston, for supporting his infant children, the circumstances shown clearly establish such a promise by implication. The evidence, as a whole, manifests that his failure to provide his children with the necessaries required for their support, amounted to a palpable omission of duty on his part, and placed the burden of their maintenance upon their elder sister; and in knowingly permitting her to assume this burden and failing to advise her that he would not compensate her for the expenditures of money she thereby incurred, he made himself liable to her for such expenditures; which liability, by reason of his death, was cast upon the estate left by him. We are, therefore, of opinion that in adjudging such liability a charge upon the decedent's estate and in fixing the amount thereof, as was done, the circuit court did not err.

The remaining question to be determined is, did the circuit court err in adjudging the deed of February 11, 1908, from Lilburn Farmer to the decedent and his wife, Vina Maynard, deceased, insofar as it attempted to pass to the latter the title to an undivided half of the lot conveyed, a voluntary conveyance and, to that extent, fraudulent as to his existing debts? The question should, in our opinion, be answered in the negative. It is reasonably apparent from the evidence that the consideration for the

conveyance was wholly paid by the decedent, and further apparent that the dwelling house that was later erected thereon was constructed with work and material furnished and paid for by him alone. These things being true and the conveyance, as further shown by the evidence, having been made by his procurement, his relation and that of his then wife to the conveyance is the same as if it had been conveyed directly to the latter by him. It is declared in section 1907, Kentucky Statutes, that:

"Every gift, conveyance, assignment, transfer or charge made by a debtor, of or upon any of his estate, without valuable consideration therefor shall be void as to all his then existing liabilities, but shall not, on that account alone, be void as to the creditors whose debts or demands are thereafter contracted, nor as to purchasers with notice of the voluntary alienation or charge, and though it be adjudged to be void as to a prior creditor, it shall not therefore be deemed to be void as to such subsequent creditors or purchasers."

In O'Kane v. Vinnedge, et al., 108 Ky., 34, we said:

"If a party be indebted at the time of a voluntary conveyance of his property, such conveyance is presumed to be fraudulent as to those debts, and this presumption as to prior debts does not depend upon the intentions or circumstances of the party conveying, or the amount conveyed. The law will not permit an inquiry into these matters or give them any weight or influence. As to subsequent debts the creditor who assails a voluntary conveyance must show, in addition, circumstances justifying the presumption that the intent of the conveyance was fraudulent, before the land conveyed could be properly subjected to the payment of such debts. Anson v. Buckner, 4 Dana., 251; Enders v. Williams, 1 Met., 346." Hatfield v. Cline, 143 Ky., 565.

While the decedent may have been moved by affection for his then wife, Vina Maynard, to procure the execution of the deed in the manner indicated, as the conveyance, so far as she was concerned, was without consideration and, therefore, voluntary, its fraudulent character as to such debts as the decedent was then owing cannot, in view of the provisions of the statute, *supra,* be doubted. So the intent or purpose with which he procured the deed to be thus executed is not material. The mere fact that the conveyance was voluntary, in the meaning of the statute, made it fraudulent as to existing debts.

As it was the conclusion of the circuit court, expressed in the judgment, that $450.00 of the claim asserted by the counterclaim and cross petition of the appellee, Della Preston, was created prior to and existed at the time of the execution of the deed in question, and this conclusion is sustained by the evidence, it follows that so much of the judgment of the court as subjected the lot in question to the payment of the $450.00 mentioned, was not error. Appellants are not concerned with so much of the judgment as subjected the other and adjoining unimproved lot to the payment of that part of the appellee's claim created subsequently to the execution of the deed from Farmer to the decedent and his former wife, Vina Maynard; and though they complain of that part of the judgment which awards Alafare Maynard, the last wife and now widow of the decedent, dower in the half of the former lot, claimed by them. the complaint, as already intimated, is without merit.

Appellants' objection to the sufficiency of the affidavits accompanying appellees' account in conformity to the statute, should have been made by motion to dismiss the action for want of a proper verification of the claim. As this was not done, the objection will not now be considered.

The record presents no reason for disturbing the judgment and it is hereby affirmed.