## Leitchfield Milling Company v. Rogers et ux.

(Decided June 9, 1931.)

HAYNES CARTER for appellants.

FAUREST & FAUREST and LAYMAN & LAYMAN for appellees.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

The ultimate question to be decided is whether certain property claimed by Ethel G. Rogers should be subjected to the debts of her husband. The Leitchfield Milling Company instituted the action upon a promissory note for $1,400 executed by Clarence Rogers and due in one year after date. At the institution of the suit a general order of attachment was obtained and levied upon the property in question, consisting of a butcher shop with its equipment, furniture, and fixtures. Ethel G. Rogers was made a party defendant to the suit, and the petition alleged that she claimed some interest in the business known and operated as the Rogers Meat Market which she was called upon to assert. She answered, setting up several defenses to the action and made claim to the attached property by virtue of a written instrument duly executed, acknowledged, and recorded in the county clerk's office, by which the property was transferred to her. She alleged also that she had acquired other property which had been commingled with that originally obtained, and she denied that Clarence Rogers had any interest in or claim to any of the attached property.

The plaintiffs attacked the validity of the transfer to Mrs. Rogers upon the ground that it was fraudulent and voluntary. Mrs. Rogers denied that there was any fraud or lack of consideration, and invoked the statute of limitations.

The circuit court, in an able and exhaustive opinion, came to the conclusion that Mrs. Rogers acquired the property in good faith and for valuable consideration, more than five years before the institution of the suit, and that the plaintiffs had actual notice of the transfer to her more than five years before the commencement of the action. Hence the judgment of the court was in favor of Mrs. Rogers, and the plaintiffs have appealed.

Clarence Rogers had been engaged in the butcher business in Leitchfield during which time he contracted the debt due the plaintiffs. His business was unsuccessful, and he removed to Hardin county, where he engaged in a similar business with Mr. Shipley, who owned a one-half interest therein. Mr. and Mrs. Rogers owned the other half interest. The business was not very successful. The one-half interest of Shipley was acquired, and finally the entire interest in the business, and all the property used in connection therewith, was transferred to Mrs. Rogers.

One of the partners in the plaintiff firm was advised of the plan of Mrs. Rogers to acquire the business, and of the consummation of the plan shortly thereafter. The actual transfer was accomplished by a bill of sale dated February 17, 1925, which was acknowledged and duly recorded on February 24, 1925. From that time, the business was operated by Mrs. Rogers. She acquired some additional fixtures and new equipment, and made purchases of live stock for use in her business. Mr. Rogers was employed in the shop, but was not paid any definite salary or wages. The testimony tends to show that the value of his services was no more than the reasonable cost of maintaining his family, which had been borne from the proceeds of the business. Subsequent to the time she acquired the property, Mrs. Rogers procured several of her friends to become security for her, by which means she was enabled to secure money with which to operate and maintain the business. She executed mortgages on the shop to secure the indorsers, and some $2,800 is yet due on these mortgages. Before Mrs. Rogers took over the store, Mr. Rogers had exhausted all his credit, and the business was on the verge of collapse. Since Mrs. Rogers took charge of the business, it has been more prosperous, but it is still a small business of little value. In transactions between husband and wife affecting the rights of creditors, the court is alert to see that no subterfuge is employed for the purpose of defrauding creditors. Nevertheless business transactions between husband and wife are not forbidden, and, if the facts show a good-faith transaction, not inimical to the rights of creditors, justice dictates that it be upheld. Anderson v. Mundo, 77 S. W. 926, 25 Ky. Law Rep. 1644; Clark v. Meyers, 68 S. W. 853, 24 Ky. Law Rep. 380; Ford Lumber & Manufacturing Co. v. Curd, 150 Ky. 738, 150 S. W. 991, 43 L. R. A. (N. S.) 685; Dunn v. Shearer, 14 Bush, 575; Casebier v. Casebier, 193 Ky. 490, 236 S. W. 966; Davis v. Francis, 60 S. W. 931, 22 Ky. Law Rep. 1618; Hayner & Co. v. McKee, 72 S. W. 347, 24 Ky. Law Rep. 1871.

It appears that Mrs. Rogers acquired the property from her husband because he was a failure in business and she desired to employ her own credit and ability to make it successful. One of the plaintiffs testified that he knew about the transaction before it was made, and was advised of its consummation. The attack upon the conveyance on the ground that it was designed to

defraud the creditors of Rogers could not be maintained after five years from the discovery of the fraud. Sections 2515-2519 Ky. Stats.; Dye v. Holland, 4 Bush, 635; Forman v. Gault, 236 Ky. 213, 32 S. W. (2d) 495; Pierce v. Pierce's Trustee, 238 Ky. 495, 38 S. W. (2d) 254. Actual knowledge of the transfer was brought home to the plaintiffs, making it unnecessary to consider the effect of constructive notice by reason of the recording of the bill of sale. Green v. Salmon, 63 S. W. 270, 23 Ky. Law Rep. 517; Cogar v. National Bank, 151 Ky. 470, 152 S. W. 278; Elkhorn Coal Corp. v. Hite, 225 Ky. 735, 9 S. W. (2d) 1083.

It is not shown that the property transferred to Mrs. Rogers has any substantial value over and above the valid liens against it. If the property acquired by her should still be considered as a part of her husband's assets, the liens placed thereon are not challenged, and, when they are taken into the account, but little would be left for subjection to the husband's debts. In those cases where the earnings of the husband have been the source of accumulations, and in which the wife's efforts did not play any material part (Carter v. Martin, 91 Ky. 298, 15 S. W. 663, 12 Ky. Law Rep. 836; Winfrey v. Winfrey, 150 Ky. 138, 150 S. W. 42; Brooks-Waterfield Co. v. Frisbie, 99 Ky. 125, 35 S. W. 106, 18 Ky. Law Rep. 555, 59 Am. St. Rep. 452; Blackburn v. Thompson, 66 S. W. 5, 23 Ky. Law Rep. 1723, 56 L. R. A. 938; Patton v. Smith, 130 Ky. 819, 114 S. W. 315, 23 L. R. A. (N. S.) 1124; Gross v. Eddinger, 85 Ky. 168, 3 S. W. 1, 8 Ky. Law Rep. 829; Ely & Walker Dry Goods Co. v. Freedberg, 226 Ky. 713, 11 S. W. (2d) 964; Shields v. Lewis, 70 S. W. 51, 24 Ky. Law Rep. 822), it was found as a fact not only that a fraudulent transaction was apparent, but that the husband's individual enterprise had created the property which was subjected to his debts. In cases of that character it clearly appeared that the source of the profit was the husband's labor and skill, and it was equitable and just to apply his surplus earnings to the satisfaction of the claims of his creditors. But where the husband's efforts have not produced any surplus, and when the wife's credit and skill have been the important factors, the principle of being just with creditors before being generous with members of the family has no application.

We concur with the circuit court in its reasoning and conclusions. The opinion of the trial judge mani-

fests a correct appreciation and appraisal of the evidence, and a thoroughly accurate analysis of the authorities applicable to the circumstances proven.

The judgment is affirmed.