## Hays v. Cyrus.

(Decided Jan. 16, 1934.)

436

W. D. O'NEAL and CHESLEY A. LYCAN for appellant.

C. F. SEE, Jr., for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Reversing.

This is a fraudulent conveyance suit. Unlike most of those coming before us, there was not only a failure to establish fraud, actual or constructive, but there was uncontradicted proof that the conveyance was genuine. The parties, grantor and grantee, are Thomas Hays and Mary J. Hays, husband and wife. The deed for 88 acres was .made December 3, 1924, for the recited consideration of love and affection. Except for some fugitive statements that the conveyance was made "when he [grantor] was insolvent" and "at a time when he knew he was insolvent," the petition does not allege that the grantor was insolvent. Although Hays was adjudicated a bankrupt two and one-half years later and was materially involved, the proof is that he was solvent when he conveyed the property to his wife. We may treat the allegations of the petition sufficient to state a cause of action based upon the ground that the conveyance was a gift and without valuable consideration, hence void as to the grantor's then existing creditors. Section 1907, Statutes.

It appears that the plaintiff was surety on several of Hays' notes to the extent of $3,500. His contingent liability increased after the date of the conveyance under attack and he ultimately had to pay $5,484.65 on various renewals. The renewal of the notes did not deprive him of his right as a creditor to assail the conveyance as fraudulent. Lowry v. Fisher, 65 Ky. (2 Bush) 70,

92 Am. Dec. 475; Crooke v. Hume's Ex'x, 139 Ky. 834, 109 S. W. 364, 33 Ky. Law Rep. 162. Hays' discharge in bankruptcy did not pay nor extinguish his debts, but simply barred their enforcement or collection by legal proceedings. Remington on Bankruptcy, sec. 3448. The bar may be waived and the original debt revived by a new promise. Id. secs. 3499, 3502; Brashears v. Combs, 174 Ky. 344, 192 S. W. 482; Damron v. Pikeville Grocery Company, 222 Ky. 749, 2 S. W. (2d) 366. A new promise was alleged. The plaintiff may, therefore, be regarded as a pre-existing creditor, although a contingent one, and as coming within the purview of the statute. Poynter v. Mallory, 45 S. W. 1042, 20 Ky. Law Rep. 284; Anglin v. Conley, 114 Ky. 741, 71 S. W. 926, 24 Ky. Law Rep. 1551; Atkins v. Globe Bank & Trust Company (Ky.) 124 S. W. 879; 27 C. J. 473. Even though the grantor be solvent, his conveyance of property without consideration comes under the ban of section 1907 of the Statutes and may be invalidated as to his then existing creditors. This is so regardless of his intent. Lowry v. Fisher, supra; Townsend v. Wilson, 114 Ky. 504, 71 S. W. 440, 24 Ky. Law Rep. 1276; Hamilton v. Preston, 166 Ky. 61, 178 S. W. 1146; James v. Stokes, 203 Ky. 127, 261 S. W. 868; Hatcher-Powers Shoe Company v. Sparks, 237 Ky. 321, 35 S. W. (2d) 564. Perhaps it should be added that under some circumstances a gift by a solvent creditor, who cannot be regarded as anticipating financial reverses, may not be deemed fraudulent. Ely & Walker Dry Goods Company v. Freedberg, 226 Ky. 714, 11 S. W. (2d) 964.

The material allegations of the petition were denied by joint answer and amendments, and a valuable consideration for the conveyance was pleaded and set up. It was also pleaded that the grantor had been adjudicated and discharged as a bankrupt subsequent to the deed, that the plaintiff had asserted his demands in that proceeding, and that whatever interest Hays had in the property conveyed had vested solely in his trustee in bankruptcy so that the plaintiff was barred from maintaining the action. It was further alleged that after the conveyance the wife and her husband had mortgaged the property to her brothers for $3,600, and they had paid that amount to Hays' creditors on the debts upon which the plaintiff was surety, thereby releasing him from that obligation. This, it was charged, was more than his liability existing at the time of the conveyance,

and, therefore, he had not been prejudiced by it. During the pendency of the suit, the wife filed a separate answer, under circumstances to be detailed, setting up the fact that her father had conveyed 60 acres of the 88-acre tract involved to her some time before he had deeded the same property to her husband, and that since then she had been the owner of that parcel. An amended petition alleged a new promise after bankruptcy on the part of Hays to pay the debts referred to and stated that he had in fact, since his discharge, paid $600 thereon. Issues were formed upon all of these allegations.

We proceed to the evidence. Certain deeds and orders in bankruptcy were stipulated. Plaintiff took the deposition of Hays as on cross-examination. Concerning the issues as to the conveyance, although saying that love and affection was all the consideration that "was made in the deed," Hays testified that during the years before the conveyance the wife had kept boarders and helped to pay for certain other property in Louisa, the title to which was jointly held. It had been sold for his debts. Title to the 60 acres of the 88-acre tract involved was obtained by deed of date March 24, 1910, from James Short and wife, the parents of Mrs. Hays. Her father let him have the place as his daughter's part of his estate if he would assume payment of a $300 mortgage, which he did. The other 25 acres were acquired from other parties for $510. Hays built a house and barn on this property at a cost of about $700. In August, 1925, which was eight months after the property had been conveyed to Mrs. Hays, she mortgaged it for $3,600 to her brothers, Clem and Jack Short, who paid that sum of Hays' obligations upon which plaintiff, Cyrus, was surety. Of that mortgage $1,600 remains unpaid. The jointly owned property in Louisa was sold for $10,000 and all of it applied to the payment of his debts. The value of the property involved at the time of the conveyance is variously estimated throughout the record as being from $2,500 to $6,000.

The foregoing is all of the evidence introduced in behalf of the plaintiff on this issue.

For the defense, only depositions of two witnesses were then taken; one was of Mrs. Hays' brother and a banker. Their testimony related to the deed and mortgage referred to and the solvency of Hays. There is in the record a paper styled "agreed order" and signed

by the attorneys for both sides. It stipulated that the deed under attack was a voluntary conveyance and void and that the plaintiff was entitled to a lien to secure him in the sum of $3,500, subject to the prior lien of Clem and Jack Short. This paper is dated March 29, 1932, but, unlike other orders in the case, the day of the term or date upon which it was entered on the order book does not appear. On April 1st Mrs. Hays, by other counsel, moved for a continuance of the case in so far as her rights or interest in the land was concerned, and objected to any judgment being entered against her. Her affidavit is, in substance, that she had left the handling of the case to her husband throughout, upon the assumption that he would protect her interest; that she had been informed on March 29th that a judgment would be entered setting aside the deed; and that this was without her consent. She further asked time in which to prepare her defense. No action upon this motion was taken so far as the record shows. But on April 12th the court filed the separate answer of Mrs. Hays. The plaintiff filed exceptions to depositions which she had taken in the meantime. They were not passed upon. It was proven not only by Mrs. Hays, her mother, brother, and sister, but the notary public who had prepared the deed, that before the deed to her husband of March 24, 1910, Mrs. Hays' father had given her for a home the 60 acres referred to, which was a part of her old home place, and had duly executed and delivered a deed to her for it, which had been lost without being recorded. She and her husband had agreed to assume a $300 mortgage on it. They built a house upon the tract. She had made $14 a day boarding a number of oil men and he worked in the oil fields. Her money went into the improvements on the place. Mrs. Hays is corroborated by other testimony as to this matter. There is no sort of contradiction. She had no knowledge that title to the property had subsequently been taken by her husband until she made inquiry about why she was not receiving any oil royalties. Arrangements were then made, as was proven by the representative of the oil company, whereby the royalties from this land were paid to her as her individual income. It was shortly after this that her husband deeded her the property. She testified that when the Louisa property was sold she had let her husband have her part of the proceeds to pay the plaintiff, Cyrus, and the deed to the property

involved was conveyed to her because of that fact. Some parts of the depositions of the husband and wife offended section 606 of the Civil Code of Practice, but exceptions filed to the wife's testimony were not ruled upon; hence are deemed to have been waived and the evidence considered as not being objected to. Prewitt v. Bull, 234 Ky. 18, 27 S. W. (2d) 399.

The appellee claims that the appellant is bound by the agreed order referred to above. The court and the parties proceeded with the trial as if there had been no such agreed order, and if it was in fact entered on the order book, the subsequent proceedings show that the court and the parties treated and regarded it as having been set aside. The judgment rendered in the case in October following made no reference to it and recites that the case was submitted upon the pleadings, proof, and exhibits.

The judgment set aside the deed upon the ground that it was a voluntary conveyance and void to the extent of $3,500, with interest. As stated in the early part of this opinion, it seems to us that the plaintiff not only failed to prove the allegations of his petition, but that it was clearly established that there was a valuable consideration for the conveyance. Bishop v. People's Deposit Bank, 210 Ky. 396, 275 S. W. 865; Leitchfield Milling Company v. Rogers, 239 Ky. 481, 39 S. W. (2d) 961.

Wherefore the judgment is reversed, with directions to enter judgment in accordance with this opinion.