## Isaacs et al. v. Fields et al.

(Decided June 7, 1935.)

B. M. LEE for appellants.

C. B. SPICER for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Reversing.

This is an appeal from a judgment holding that C. J. Isaacs is the owner of seven tracts of land, the title to which is or was of record in the name of his wife, Lula Isaacs, and subjecting same to a lien for a debt due by C. J. Isaacs of $285 with interest from March 1, 1926, and directing a sale in satisfaction thereof.

This suit was begun by appellees, May 19, 1932,

upon a return made May 5, 1932, of "nulla bona," on an execution issued April 26, 1932, against R. M. Hill, C. R. Nickles, and C. J. Isaacs, the execution debtors therein, and Lula Isaacs, the wife of C. J. Isaacs, who is alleged in the petition to be the title holder of record of several pieces of property which appellees alleged in truth was the property of C. J. Isaacs. No relief was awarded against either Hill or Nickles; they are not parties to this appeal and will not be mentioned again.

This action was evidently prosecuted under section 439 of the Civil Code of Practice and section 1907a, Ky. Stats.

### Property Mrs. Isaacs Sold.

Three of the tracts set out in the judgment had been sold. A tract conveyed by Talton Hall to Lula Isaacs by deed recorded in Deed Book 59, p. 571, a tract described as lot No. 14 or the Armory building, conveyed by the commissioner of the court to Lula Isaacs by deed in Deed Book 66, p. 50, and a half interest in eight acres conveyed by deed in Deed Book 67, p. 346, are shown in this record to have been sold previous to the institution of this action, hence are presumptively in the possession of such vendees, and such vendees were not made parties as required by the last paragraph of section 210, Ky. Stats. The judgment, as to these three tracts, imposes liens upon them, thus affecting the rights of the present owners thereof, yet such present owners were never made parties and possibly never had any knowledge of this litigation, which is clearly erroneous.

### Property Mrs. Isaacs Has.

The other four tracts involved on this appeal are:

(a) Lot No. 4, twenty-five feet wide, on west side of Main street in Cumberland, Ky., conveyed to Lula Isaacs by D. B. Hogg et al. November 25, 1927, by deed recorded in Book 59, p. 569, for consideration of $1,000 cash.

(b) Lot No. 5, adjoining the above, conveyed to Lula Isaacs by John Lawrence and wife on November 25, 1927, by deed recorded in Book 59, p. 570, consideration $500.

(c) Lots 82 and 83 in Cornett's addition conveyed to Lula Isaacs by W. W. Cornett and wife, April 17,

1928, by deed in Book 61, 127, for consideration of $127.50.

(d) A tract fronting on state road near the bridge conveyed to Lula Isaacs by Ritter Creech et al. by deed in Book 68, p. 395, for consideration of $1,000.

Plaintiffs alleged that C. J. Isaacs bought all four of these tracts (a), (b), (c), and (d) and paid the consideration therefor, a total of $2,627.50, but had the conveyances made to his wife, Lula Isaacs, for the purpose of cheating, hindering, and delaying his creditors; and, in order to succeed, appellees had that to prove.

### Did They Prove It?

The evidence shows C. J. Isaacs is a ne'er-do-well.

He engaged in business with his uncle, J. E. Isaacs, and that failed. He engaged in business with his mother and that failed. He engaged in the operation of the Crown Filling Station and that failed, and he tried again at another place known as the Super Service Station and that failed. These things are not said to disparage the man, we are simply setting out what the record shows.

On the contrary, his wife seems to have in her the seed of success. She had saved about $500 before she was married, she has made money on each piece of property she has bought and sold, and has received and is receiving good returns from that which she did not sell. She ran a hotel for two years and made money in that, she is now operating a lunch stand and some other small enterprises, and there is no suggestion that she is not doing so successfully, and there is not an instance in this record to show she has lost money anywhere or in anything. The picture this record makes of her is that of industry, thrift, economy, and resulting success. There is no evidence the husband ever had any money or made any money, and there is no evidence the wife ever wanted for money or failed in anything. She seems to have good credit and to have been able to borrow when necessary and her passbook in this record indicates she had a tidy sum in the bank.

This case is unlike Campbell v. First National Bank of Barbourville, 234 Ky. 697, 27 S. W. (2d) 975, 976, where the record shows Mr. Campbell had conveyed his property to his wife, nor is it like Pierce v. J. B. Pierce's Trustee, 238 Ky. 495, 38 S. W. (2d) 254, where the hus-

450

band had put his money into improvements on his wife's property, or Burnett's Adm'x v. Farmers' National Bank, 243 Ky. 760, 49 S. W. (2d) 1033, where Mr. Burnett had transferred his property to his daughter, or Spencer v. Hogg's Adm'r, 248 Ky. 229, 58 S. W. (2d) 401, where Mr. Hogg had executed a fraudulent mortgage to his mother-in-law.

Appellees failed to show Mr. Isaacs had any money to transfer to his wife. They did show he made contracts with men for repairs on his wife's property, but there is nothing unusual or fraudulent in that. They showed he paid these workmen, but they were unable to say whose money he paid them and he says it was his wife's money.

Appellees simply failed to sustain the burden of proof that rested upon them. The judgment is erroneous, the court will set it aside and dismiss the petition.

Judgment reversed.