## Stanley's Trustee v. Stanley et al.

Dec. 8, 1944.

Robert B. Reed for appellant.

Holland G. Bryan for appellee.

OPINION OF THE COURT BY JUDGE SIMS—Affirming.

Henry Wall, trustee in bankruptcy of Frank Stanley, brought this action against Frank Stanley and wife, Pauline, to subject to the claims of creditors of Frank certain real estate which had been conveyed to Mrs. Stanley by a third party. The petition alleged that the consideration for this property was paid by Frank and that he and his wife for the purpose of defeating his creditors had the seller convey same to her. After hearing the proof on depositions the chancellor dismissed the petition and the trustee appeals.

Frank Stanley is a disabled veteran of World War I and has tuberculosis. His wife has worked a good part of their married life to assist in the support of their family which consists of a son, who is now grown, as we gather from the record. In 1933 Palmer James rented to Frank a tourist home in McCracken County known as Woodlawn for $35 per month, and Frank paid $60 for certain equipment used in the establishment. Mrs. Stanley assisted her husband in this business which they operated for some three years and they were successful in making a living, but the record does not show that they accumulated anything.

In 1936 Mrs. Sanley saw an opportunity to buy a lot of one and five-eighths acres suitable for a tourist camp for which she paid $250 cash. She borrowed this money from a sister, Mrs. Sexton, who was in business. In 1937 she borrowed an additional $500 from Mrs. Sexton. Mrs. Stanley's father was a carpenter and he erected some tourist cabins on the lot. In 1940 Mrs. Stanley bought an adjoining lot and her father built some cabins on it until she had nine in all. The record does not show the price paid for the second lot, but it does show that she borrowed some money from the Citizens Saving Bank of Paducah, which took a lien on the real estate. The amount of this bank loan is not revealed by the record.

This camp was called Greenleaf and the business was quite successful, due largely to the fact that an ordnance plant was located in Paducah. It is stipulated that a fair value for Greenleaf on Dec. 30, 1942, was $6000. On April 12, 1937, John Moller secured a judgment against Frank for $7009 on an indebtedness incurred in 1930. Frank was adjudged a bankrupt on Sept. 30, 1941, and his trustee in this action is attempting to have Greenleaf adjudged to be Frank's property and to subject it to the satisfaction of Moller's judgment.

The beer license at Greenleaf was in Mrs. Stanley's name. However, her husband or son would give orders for beer and pay for it out of the cash drawer; also, they would wait on trade. But two beer salesmen testified that it was customary for this to be done by any person who happened to be on duty at such places. Frank "gave" a vacuum cleaner to his wife and had a gas tank installed for her, but she signed the mortgages for both and she is paying for these two articles. Mrs. Stanley borrowed $372.34 on her car in 1938, and $181.91 on it in 1939. Both loans were made by an industrial bank which required her husband to join in the mortgages, since it appears to be the custom of such institutions in making loans to married women to have the husband join in the mortgage even though it covers only personal property.

Much is said in briefs as to whether the trustee or the wife had the burden of proof. There is some conflict in our opinions as to where the burden rests in cases of this character as is shown in Trustees of First Nat. Bank v. Saufley, 268 Ky. 732, 105 S. W. 2d 605, 7. In the late case of Pope v. Cawood, 293 Ky. 660, 170 S. W. 2d 55, 57, it is said that where the transaction is between relatives the burden rests on the grantee to show it is bona fide. However, in the instant case the question of who had the burden of proof is of no importance as the record conclusively shows that Mrs. Stanley's money, and not her husband's paid for this property and no fraud was perpetrated on his creditors.

This record paints Mrs. Stanley as a woman of industry and vision. Perhaps the physical handicaps of her husband played a considerable part in developing these traits in her. Mrs. Stanley acquired this property the hard way. She borrowed money to purchase the first lot and after succeeding in that venture she bor-

rowed additional funds and bought the adjoining lot. Had it not been for the assistance she received from her sister and from her father she might not have been successful, but this record does not show that any money of her husband went into the property or that it was acquired through his labor, skill or surplus earnings. The fact that Mr. Stanley did what he could to help his wife conduct the business gave him no interest therein, as he received his clothes, spending money and living from his wife which about compensated for the services he rendered. It is a man's duty to support his family and if physical handicaps prevent him from performing that duty in full, certainly a wife should not be penalized by having property she has acquired through her industry and thrift subjected to her husband's debts because he assisted in operating the business and helped her to support the family. This case is not unlike Leitchfield Milling Co. v. Rogers, 239 Ky. 481, 39 S. W. 2d 961, and Isaacs v. Fields, 261 Ky. 447, 87 S. W. 2d 936.

We concur in the finding of the chancellor that this record does not show that the husband's money went into this property, but that the same was acquired by the wife through her own industry and with the aid of money she borrowed from sources independent of her husband.

The judgment is affirmed.