SUSAN DAVIS *v.* S. A. CHANEY.

[Abstract Kentucky Law Reporter, Vol. 5—689.]

**Consideration for Conveyance of Land.**

> A conveyance of four hundred forty acres of land and all the personal property belonging to a widow in poor health over sixty years of age to her nephew, in consideration that he would care for her, will be set aside by the chancellor where it is shown to have been procured by unfair means and where it is also shown that the nephew is furnishing the grantor with very poor and inadequate support.

APPEAL FROM ALLEN CIRCUIT COURT.

February 26, 1884.

OPINION BY JUDGE PRYOR:

The testimony in this case in connection with the conveyance by the appellant to the appellee shows a surrender of all of the estate of the appellant to the appellee for no other consideration than the agreement of the latter to support her as long as she lived. A tract of four hundred forty acres of land and all of her stock upon it passes from her entire control, and, divested in this manner of both the possession and title, she is left dependent upon the bounty of the appellee, and is as penniless as the merest pauper in the county. The debts owing by her and which the appellee agreed to pay are insignificant, and appellee has even failed to pay those, and from the proof his abundant support of the appellee is reduced to a scanty subsistence. The appellant was over sixty years of age at the time she executed the deed, had lost her husband and only child and was in delicate health, nervous and dissatisfied with those around her. Pursued as she states by her nephew from house to house with a view of obtaining the deed in controversy, she finally consented to make it, and by its terms makes a donation of all she

has, without even retaining sufficient control of the estate to secure her in a comfortable living. She is sustained in her statement by other witnesses, and from the proof we are satisfied the anxiety to obtain the conveyance on the part of the appellee was greater than that of the appellant to make it. Shortly before the conveyance was executed the appellee went to her residence to see her on the subject. She had gone to a neighbor's to spend the night. He followed her to the neighbor's house and induced her to return to her house that night where they might talk the matter over. Then it was that the agreement was made, and when about to be consummated at the time fixed she stated that she was too unwell to execute the writing at that time, and when executed it is done at appellee's house, and with no one to advise the appellant as to the mode of securing her estate or at least securing her support as long as she lived.

While the appellee and his witnesses swear contrary to the statement of the appellant and those testifying for her, it must be recollected that here the appellee is attempting to hold an estate under a gift, or based on a consideration so slight as to require but slight proof under the circumstances surrounding the parties to authorize a judgment rescinding the contract. This is not a bona-fide transaction where the vendee for a full or an adequate consideration obtained the property of another, but a case where the vendor, although not too far advanced in life to indicate of itself mental imbecility, still, when considered with reference to her misfortunes and her nervous physical condition, the chancellor in enforcing such an agreement, or when asked to sustain it, would require proof showing the utmost good faith of those in obtaining the entire estate of the vendor. The appellant has left the home of the appellee. There was nothing in the contract requiring her to live with his family, and he is now proposing to furnish her with the necessaries of life if she will return to his home. The shoes required to keep her feet from the ground she has to call on him to purchase and is there met with a refusal to do so, and nothing so far as this record shows has been furnished her except the bread and meat she eats. Whether she returns to appellee's residence or not, and if the contract required her to live in the house with him, still the chancellor ought to cancel the conveyance. The appellant should pay to the appellee the debts he has paid for her—$50 for the barn and the fair value of covering the house—and deduct from this the rental

value of the farm since the appellant left his residence and the value of the stock and personalty he obtained from her. The chancellor will cancel the deed and return to appellant the possession.

Judgment *reversed* and cause remanded for proceedings consistent with this opinion.

*Leslie, Botts & Alexander, J. & J. W. Rodman, for appellant.*
*W. L. Porter, for appellee.*