NATIVE NICHOLS, ET AL. *v.* JNO. WALKER, ET AL.

[Abstract Kentucky Law Reporter, Vol. 7—295.]

**Conveyance to Defraud Creditors.**

Even though suit be pending against a debtor, the debtor may sell and convey his real estate for full value; and even if such a sale does hinder the collection of the creditor's claim sued upon, it is not to be set aside as fraudulent where the grantee acts in entire good faith and pays full value for the conveyance to him.

APPEAL FROM EDMONSON CIRCUIT COURT.

October 24, 1885.

OPINION BY JUDGE LEWIS:

December 10, 1880, John Walker, his wife uniting in the deed, conveyed to his son, J. F. Walker, certain real estate, together with one-half interest in all the stock of horses, cattle, etc., and the entire crop raised that year, and all the farming tools and household and kitchen furniture belonging to the grantor. The consideration thereof as recited in the deed was $6150, of which $3000 was acknowledged to have been paid, and certain debts enumerated amounting to about $3105 which the grantor owed and were to be paid, the payment of which the grantee assumed, and the further consideration that the grantee was to support the grantor and his wife. This action was commenced in November, 1881, to subject the property so conveyed to the satisfaction of a judgment which appellants recovered in June, 1881, against one Lawson on his bond as their guardian, and Smith, his surety on his bond, and against John Walker, surety in a bond given by the guardian in a proceeding to sell the real estate of appellees, who at the time were his wards.

The ground upon which the plaintiffs in the action seek to set aside the conveyance and subject the property conveyed to the satisfaction of their judgment is that it was made for the purpose of defrauding the plaintiff to the extent of avoiding the payment of their debt against John Walker, which at the date of the judgment there-

for amounted to almost the sum of \$330.90, and interest from 1868; and they also say substantially that the conveyance was voluntary and without consideration.

Both John Walker and J. F. Walker state in their answer and also testify as witnesses that the sale and conveyance were in good faith, and for a valuable consideration. In fact we are satisfied that the amount paid and agreed to be paid as the consideration exceeds in amount the value of the property. They both state that the \$3000, the receipt of which is acknowledged in the deed, had before that been actually paid by J. F. Walker, and the latter files receipts and notes evidencing such payments amounting to near that sum, besides which he swears he paid other sums, vouchers for which he was not able to file with his depositions. They further show that the debts of John Walker, which J. F. Walker assumed, a list of which is recited in the deed, were existing liabilities, part of which the latter has, since December, 1880, paid, and all of which by the terms of the conveyance he has assumed to pay, and for which the property conveyed is bound. There is no witness who contradicts the statement of either of them in respect to the \$3000 actually paid by John F. Walker, nor as to the existence of the debts he assumed to pay.

It is thus, in our opinion, established that at least an adequate consideration in money was paid and agreed to be paid for the property conveyed. Although the liability of John Walker as surety of Lawson existed prior to the date of the deed, and perhaps an action was at that time pending, still there is not sufficient evidence to show that its conveyance was made for the fraudulent purpose on the part of John F. Walker of defeating the collection of that debt, for the evidence of Lawson tends to show that he had induced Walker to believe he would not have anything to pay as his surety. Much less is there evidence showing that J. F. Walker had knowledge of such fraudulent intention on the part of John F. Walker, if it existed.

The only evidence on the part of the appellants which tend to create any doubt as to the good faith of the transaction is the statement of two witnesses as to their knowledge of the amount of property owned by J. F. Walker, and his age and condition, and the evidence of the assessor as to the value of property listed by him for taxation, previous to December, 1880. But this character of testi-

mony, while persuasive, is not alone sufficient to authorize the court to set aside a conveyance appearing to have been made in good faith and for an adequate consideration, which both parties to it state unequivocally was so made.

J. F. Walker appears to have been about twenty-eight years of age at the time the deed was executed, and is shown to have been an industrious, temperate and economical man, who for several years worked on and received half the profits of his father's farm, and was also engaged in trading. It is therefore not unreasonable to suppose he might have accumulated enough to pay off debts of his father amounting to $3000. The father seems at the time to have had considerable property unincumbered, but, as he states, by misfortune, became involved; and, being about seventy-five years of age, he considered himself unable to meet and pay off his large indebtedness, and therefore it was not unreasonable or reprehensible in him to sell his entire estate to his son, and in consideration of what he had paid for him and his assumption of his other indebtedness, particularly when he could thereby secure a support for himself and wife in their old age. The undertaking by the son to support his father and mother is an indebtedness, it is true; but as held by this court in *Easum v. Pirtle,* 81 Ky. 561, 5 Ky. L. 572, that does not make the deed fraudulent as to creditors, or voluntary, if the son has besides paid the full value of the land.

The evidence in this case shows clearly that the money consideration paid and agreed to be paid exceeds the value of the property sold. Even if the property should or could be held liable for the value of the support of the father and mother, the amount paid by the son as well as the unpaid debts he has assumed would have to be first satisfied out of the property, leaving nothing to be applied to appellants' debt.

Judgment *affirmed.*

*Edwards & Smith, for appellants.*

*W. E. Settle, E. W. Hines, for appellees.*