## Sterk, et al. v. Redman.

(Decided November 12, 1915.)

### Appeal from Marion Circuit Court.

1. Fraudulent Conveyances—Debtor and Creditor.—Under Section 1907, Kentucky Statutes, a voluntary conveyance by a debtor to his wife is void as to his existing creditors; where the debtor previous to the date of the conveyance had entered into a contract out of which certain liabilities grew, the conveyance is void as to such liabilities.

2. Evidence—Finding.—Facts examined and held to support the finding of the chancellor.

S. A. RUSSELL for appellants.

HUGH P. COOPER for appellee.

OPINION OF THE COURT BY JUDGE TURNER.—Affirming.

In 1912 appellant, J. A. Sterk, was a barrel manufacturer at Lebanon, Kentucky, and appellee, William Redman, was a stave dealer at Glasgow, Kentucky.

After some correspondence between them, on the 14th day of December, 1912, Sterk went to Glasgow, and that day examined certain stacks of staves, which Redman had

on his yards at that place, and they at the time entered into the following written contract:

"Articles of agreement made and entered into this 14th day of December, 1912, between Joe A. Sterk, of Lebanon, Kentucky, party of the first part, and William Redman, of Glasgow, Barren County, Kentucky, party of the second part.

"Whereas, the said party of the first part agrees to pay party of the second part $73.00 per 1,000 pcs. F. O. B. Glasgow for the sawed whiskey staves 7/8x35" all cut offs and dead culls to be laid out when loaded, staves to be straight count after dead culls are laid out, and to be paid for every thirty days from date of invoice."

On the 17th of December, 1912, Sterk received the first car load shipment of 12,625 staves, which he promptly paid for, according to the terms of the contract, on the 17th day of January, 1913. In the letter sending this check he suggested that it was about time he was receiving another shipment.

On the 21st day of January, 1913, he received a second car load containing 16,125 staves, and, without ever having paid for the second car load, he received on February 18th, 1913, a third car load containing 12,893 staves.

About the time of the receipt of the second car load, or shortly thereafter, Sterk made complaint to Redman that many of the staves in the first car were defective and not suited for making whiskey barrels, and there was some correspondence between them on this subject; but, notwithstanding this complaint, Sterk received the third car load, as stated, on the 18th day of February.

The two last car loads not having been paid for, no further shipments were made by Redman, and certain negotiations were pending between the parties looking to a settlement of their differences, during which Redman offered to take back the unused staves, numbering about 19,000, at the contract price, and credit Sterk by the same, but this offer was refused.

Pending the controversy between the parties, and on the 29th of January, 1913, Sterk conveyed to his wife for the recited consideration of one dollar and other valuable considerations all of his visible property of every kind, including his business.

In November, 1913, J. A. Sterk instituted this action against Redman, wherein he sought damages by reason

of the alleged breach by Redman of said contract, alleging that he had bought from Redman, under his contract, and Redman was to deliver to him only sound, merchantable white oak whiskey barrel staves; that the written contract above quoted was only a memorandum and was not the whole contract between the parties; that Redman knew that he bought the staves only for the purpose of making whiskey barrels, and that he made no other kind of barrels; that the staves so furnished him were defective and rotten and many of them unfit for the purpose for which they were bought; that at the time he had a contract with a distillery company to furnish to it whiskey barrels and that a large percentage of the barrels so made out of the staves furnished him by Redman were unfit for the purpose, and were rejected by the distillery company.

Redman answered denying the material allegations of the plaintiff's petition and alleged that the written contract was the whole contract between the parties; that the staves shipped to Sterk were the same which had been inspected by him before they were purchased, and that he (Redman) had, under the terms of the contract, thrown out of such car load shipments all of the cut-offs and dead culls insofar as they could be detected. He made his answer a counterclaim against J. A. Sterk and sought damages against him by reason of his failure to comply with his contract and accept and pay for all the staves so purchased by him, which at the time were estimated by the parties to be from 60,000 to 100,000. He prayed judgment for the two last car loads of staves at the contract price; made his answer a cross-petition against Sterk's wife and prayed that the conveyance by Sterk to her on the 29th of January, 1913, be set aside as fraudulent, and that such judgment as he might recover against Sterk be adjudged a lien on the property therein conveyed.

The cause was transferred to the equity docket, a great mass of conflicting evidence taken, and the court, upon a final hearing, entered a judgment for the defendant on his counterclaim for the contract price of the two car loads of staves, to be credited by $438.00; set aside the conveyance from Sterk to his wife and gave to Redman a lien upon the property for the payment of his debt.

Under the express terms of section 1907, of the Kentucky Statutes, the conveyance by Sterk to his wife was void as to Redman's debt; the contract was made between Redman and Sterk on the 14th day of December, 1912, and the liability grew out of that contract, and necessarily the conveyance of his property, without consideration, on the 29th of January, 1913, to his wife during the existence of this liability was void as to Redman's debt.

The other questions involved are purely questions of fact; a great mass of testimony was taken and seems to have been given careful consideration by the chancellor below, and he credited Sterk by $438.00, which represented 6,000 bad staves in the three car loads at the contract price.

Our examination of the evidence convinces us that his judgment on the merits is substantially correct and it is affirmed.