## Dalton, et al. v. Howell.

(Decided May 10, 1918.)

## Appeal from Allen Circuit Court.

1. Fraudulent Conveyances—Support of Grantor—Statute.—A conveyance of land made in consideration of the grantee's promise to support the grantor during her life is constructively fraudulent, under section 1907 of the Kentucky Statutes, as to the grantor's existing creditors.

2. Deeds—Recitals as to Consideration—Impeachment.—While the recitals of a deed as to the consideration paid for the land therein conveyed may be evidence of the fact as between the parties to the instrument, it is not binding upon strangers to the transaction and may be impeached by them.

3. Fradulent Conveyances—Action to Set Aside Fraudulent Conveyance—Purchaser.—The purchaser at a judicial sale in an action brought by a pre-existing creditor to set aside a fraudulent conveyance of his debtor takes the place, and is entitled to all the rights, of the original creditor; and the purchaser is not affected by the fact that he had notice of the fraudulent deed at the time he made the purchase.

4. Fraudulent Conveyances—Judicial Sale—Suit to Set Aside Fraudulent Conveyance—Purchaser.—Where, in a suit by a pre-existing creditor to set aside a fraudulent conveyance by his debtor, one or more of the fraudulent grantees were not made parties to the action, the purchaser at the judicial sale held in said action takes the place of the pre-existing creditor and may maintain an action against the omitted fraudulent grantees to set aside the deed of the debtor under section 1907 of the Kentucky Statutes, upon the ground that it was void as to the pre-existing creditor.

OLIVER & DIXON and O'REAR & WILLIAMS for appellants.

GILLIAM & GILLIAM and BRADBURN & BASHAM for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Affirming.

By this action the children of George W. Dalton and Elmedia his wife sought to recover two certain tracts of land from the appellees Gilbert Howell and R. W. Cook; and, the circuit court having dismissed their petition and quieted the defendants' title, the plaintiffs appeal.

The appellants claim under a deed from Susan Davis to their father George W. Dalton dated Nov. 18, 1886, whereby she conveyed to G. W. Dalton about 200 acres of land in Allen county. Omitting the description of the land conveyed the deed reads as follows:

''Whereas, George W. Dalton has boarded, kept and cared for me in my old age, when no one else would, now, I, Susan Davis, in order to compensate the said George W. Dalton for keeping me as above set out, I, the said Susan Davis, do by these presents sell, transfer, grant and convey unto the said George W. Dalton the following described tract or parcel of land lying and being in Allen county, Ky., it being part of my home tract of land, the same willed to me by my father and is bounded as follows:

(description omitted)

the said land is to be used and enjoyed by said George W. Dalton and at his death, to vest in and be the property of and belong to the children born to him and his present wife, Elmedia Dalton; and the said Susan Davis reserves the right to manage and control the said land, so long as she may live; and there is a lien reserved on the above described land for a fee of $15.00 to M. A. Alexander.

''Given under my hand this Nov. 18, 1886.

her

''Attest:  M. A. Alexander.          Susan x Davis.''

mark

Susan Davis died in 1888; George W. Dalton in 1914.

Sometime previous to 1884 Susan Davis had conveyed this land to her nephew, Sid Chaney, upon consideration that he would support her during her life and give her a proper burial; but by an action brought in the Allen circuit court the conveyance to Chaney was rescinded by this court in February, 1884.  See Davis v. Chaney, 5 Ky. L. R. 688, 12 Ky. Op. 506.  Botts & Alexander represented Susan Davis as her attorneys in that action.  It appears however from the proof that upon the final determination of that suit Chaney had disposed of all of the personal estate which he had received from Susan Davis, and that only the bare land remained as the fruit of the recovery.  In November, 1886—more than two years thereafter—Susan Davis executed the deed to George W. Dalton, above described.

Upon Susan Davis' death in 1888, A. E. Hooten qualified as her administrator; and, shortly thereafter the brothers and sisters of Susan Davis instituted an action against her administrator and creditors claiming that at her death the land in question, which she had obtained under the will of her father, Dr. McClary, had

reverted to Susan Davis' brothers and sisters, as she had died without leaving issue. Hooten the administrator, and Botts and Alexander the attorneys, were made defendants to that action. The facts in connection with that litigation are shown mainly by parol proof since the court house, including the circuit court clerk's office and their contents, were totally destroyed by fire in November, 1902. It is shown, however, that Hooten asked and obtained a settlement of the Davis estate; that claims were filed against the estate aggregating $840.00.; and that 167 acres of the land that had been conveyed to George W. Dalton in 1886 were sold to pay those debts.

At the sale W. B. Foster bought the two tracts now in controversy, and they were conveyed to him by E. G. Walker, special commissioner of the circuit court by two deeds dated Nov. 1, 1890, and Oct. 31, 1891, respectively. Foster and wife conveyed one of the tracts to Dr. R. W. Cook on March 10, 1896, and the other tract to Gilbert Howell on May 1, 1897.

The special commissioner's deed made in the case of McClary, et al. v. Brown, et al., brought to settle the estate of Susan Davis, as above stated, gives the names of the parties to that action, including the names of George W. Dalton and Botts and Alexander. It does not, however, name either of the appellants, some of whom were then infants; and, as they testify they were not parties to the action, that fact must be conceded.

Cook and Howell answered claiming under their respective deeds made in the suit of McClary, et al. v. Brown, et al., and alleged and showed, perhaps as well as could be done by parol proof, that George W. Dalton was a party defendant to that action, and that the conveyance from Susan Davis to him dated Nov. 18, 1886, above referred to was fraudulent as against the pre-existing debts of Susan Davis under section 1907 of the Kentucky Statutes. They also relied upon their adverse possession of eighteen years and the statute of limitation, and asked by way of counter-claim, that their titles be quieted.

By way of reply the plaintiffs alleged that under the deed of Nov. 18, 1886 from Susan Davis to George W. Dalton he took a life estate, and that the plaintiffs, being the only children born of the marriage of George W. and Elmedia Dalton, took vested estates in remain-

der in the land therein conveyed; that at most the deed to George W. Dalton was voidable only and that it had never been attacked; and as the plaintiffs were not parties to the action of McClary, *et al.* v. Brown, *et al.,* to subject the land to the payment of the debts of Susan Davis, their estates were not affected by the judgment in that case; that the judgment and sale only passed the life estate of George W. Dalton, their father, who died in 1914; and, that limitation only began to run against them from that date.

Section 1907 of the Kentucky Statutes reads as follows:

"Every gift, conveyance, assignment, transfer or charge made by a debtor, of or upon any of his estate, without valuable consideration therefor, shall be void as to all his then existing liabilities, but shall not, on that account alone, be void as to creditors whose debts or demands are thereafter contracted, nor as to purchasers with notice of the voluntary alienation or charge; and though it be adjudged to be void as to a prior creditor, it shall not therefore be deemed to be void as to such subsequent creditors or purchasers."

Under this statute, if the conveyance of November 18, 1886, from Susan Davis to George W. Dalton was made in consideration of his contract to board and support her during her life, it was constructively fraudulent as to her then existing creditors. Brady v. Briscoe, 2 J. J. M. 212; Hawkins v. Moffitt, 10 B. M. 81; Dohoney v. Dohoney, 7 Bush 217; Easum v. Pirtle, 81 Ky. 561. The law does not permit a debtor to thus cash in his estate for his own future support at the expense of his creditors.

Appellants insist, however, that there was a valuable consideration for the conveyance, and that it so recites. But, while the recitals of a deed as to the consideration paid for the land may be evidence of the fact as between the parties to the instrument, it is not binding upon strangers to the transaction, and may be impeached by them. Goins v. Allen, 4 Bush 610; Edwards v. Ballard, 14 B. M. 290; Whittaker v. Garnett, 3 Bush 413.

The deed to Dalton recites that he had boarded, kept and cared for Mrs. Davis in her old age when no one else would, and that she conveyed the land to him in order to compensate him; but it further recites that

Mrs. Davis reserved for herself the management and control of the land so long as she should live. If it was the purpose of Mrs. Davis to so place her land as to hold it for her support during her life, and she obtained no valuable consideration for the conveyance, the case clearly comes within the statute.

We think this abundantly appears from the proof. Dalton and his family had lived on the Davis farm for several years before she conveyed it to Chaney in consideration that Chaney would support her for life. When Chaney moved in, Dalton moved out; but he made no claim, then or afterwards, that Mrs. Davis owed him anything. On the contrary the proof shows that Dalton was a lazy man, did very little work, and that Mrs. Davis really supported him and his family of six persons, both before and after the Chaney occupancy. We are entirely satisfied that the purpose of the deed of 1886, was to preserve the land for Mrs. Davis during her life and that there was no other consideration.

But, at that time, as above stated, Susan Davis was indebted to various persons in the sum of seven or eight hundred dollars, and to pay those debts the land in question, now owned by Howell and Cook, was sold under the judgment entered in the case of McClary v. Brown, *et al.* Under this state of facts any existing creditor had the right to annul the conveyance of 1886. O'Kane v. Vinnedge, 108 Ky. 34; Townsend v. Wilson, 114 Ky. 504; Hamilton v. Preston, 166 Ky. 61; Sterk v. Redman, 166 Ky. 693.

It is insisted, however, by appellant that since Cook and Howell bought with notice of the Dalton deed, voluntary and fraudulent as it was, they are precluded from attacking the deed by the terms of the statute. But as we read section 1907 of the Statutes the question of notice has no place in this case, because the conveyance was void as to Mrs. Davis' existing debts, notwithstanding the fact that the creditor had notice of it. Botts and Alexander being creditors certainly had the right to disregard the deed, or attack it in any way provided by law.

If Mrs. Davis had conveyed the land to Foster, he having notice of the Dalton deed, we would have a case in which the statute would deny to Foster the right to attack the Dalton deed. And, it is argued that the act of the court in making the deed for Mrs. Davis to Fos-

ter, it is in effect her deed, thus bringing the case within the exception of the statute.

But the fallacy of this contention lies in its assumption that the court acted for Mrs. Davis in selling the land to pay her debts, when it really acted for her creditors and under the statute.

In Fuller v. Pinson, 98 Ky. 441, a creditor levied an execution upon the land which his debtor had fraudulently conveyed to another prior to the levy, and the principal question was whether the purchaser at the sale could file a suit in equity against the vendee of the original debtor for the land and have his deed set aside.

In holding that to be a proper remedy, the court said:

"In no reported case do we find that this mode of procedure has been declared illegal by this court. Of course the purchaser takes the place, and is entitled to all the rights of the original creditor, and to the benefit of his purchase under his execution, provided he can, in a proceeding under his purchase, show that the pretended sale which purported to pass the title out of the debtor to his vendee was, in fact, fraudulent. If so, he will be entitled to the benefit of his purchase, and to perfect it by a suit in ejectment as well as by having the deed set aside as fraudulent. The purchaser, in such a case, takes his chances, and if the prior conveyance is good then he gets nothing by his purchase."

So, when Cook and Howell bought their lands from Foster the purchaser at the judicial sale, they succeeded to all the rights of Foster and the pre-existing creditors under whom he claimed, including the right to attack the conveyance as in violation of the statute above referred to; and this they have done in this action.

The plaintiffs have not interposed a plea of the statute of limitations in avoidance of the defendants' attack upon the conveyance of 1886; and, if they had done so it may not have been available under the rule that while limitation may defeat a cause of action based upon fraud it cannot defeat a defense of that character. Louisville Banking Co. v. Buchanan, 117 Ky. 981, 4 Am. & Eng. Ann. Cas. 929; Drake v. Rowe, 162 Ky. 646; Amaker v. New, 33 S. C. 28, L. R. A. 687; 12 R. C. L. 653; Jackson v. Pyler, 38 S. C. 496, 37 A. S R. 782.

We conclude therefore that the trial court properly held that the Dalton deed of 1886 was void as against Mrs. Davis' existing debts, and that Cook and Howell could make that defense; and, having reached this conclusion it is unnecessary to pass upon the grounds urged by the appellants that they were not parties to the action of McClary v. Brown, in which the land was sold, or that limitation did not begin to run against them until the death of their father, the life tenant. They are parties to this suit in which their title has been vacated; and, the deed under which they claim having been here declared void as against the appellees, the petition was properly dismissed.

Judgment affirmed. The whole court sitting.