## Bishop, et al. v. People's Deposit Bank.

(Decided October 21, 1924.)

### Appeal from Washington Circuit Court.

1. Fraudulent Conveyances—Transfer of Corporate Stock to Wife to Whom Husband Indebted Not Fraudulent.—Transfer of corporate stock by husband to wife, to whom he was indebted, was not without consideration, and was not fraudulent, within Ky. Stats., section 1906.

2. Fraudulent Conveyances—Petition to have Transfer to Creditor Adjudged to Inure to Benefit of all Must be Filed Within Six Months.—Petition to have transfer made with intent to prefer one creditor adjudged to inure to benefit of all creditors must be filed within six months after transfer, under Ky. Stats., section 1910.

3. Fraudulent Conveyances—Husband Indebted to Wife where Her Property has Been Sold to Satisfy His Debt.—Where wife's property was mortgaged to secure husband's debt, and was sold on foreclosure, he was under same obligation to pay her money so applied to his debt as he would be to any stranger, and conveyance of his property to her to extent of debt is not fraudulent, under Ky. Stats., sections 1906, 2127, 2128.

W. C. McCHORD and MARSHALL DUNCAN for appellants.

W. F. GRIGSBY and JOSEPH POLIN for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Reversing.

The People's Deposit Bank brought these actions against J. F. Bishop and his wife, Clara Bishop, to collect from J. F. Bishop certain notes and judgments the bank held against him and to subject to their debt 103½ shares of the capital stock of the Washington County Tobacco Warehouse Company, alleging that the stock was the property of J. F. Bishop and had been put in the name of his wife by him with the fraudulent intent to cheat, hinder and delay his creditors, and that while the title to the stock was in her she held the same for his use and benefit. The defendants filed answer controverting the allegations of the petition. Proof was taken, and on final hearing the circuit court adjudged the stock to be subjected to the plaintiff's debt. Mrs. Bishop appeals. The facts are these:

J. F. Bishop previous to 1915 had fallen in debt to the People's Deposit Bank in a large sum and to secure this debt had mortgaged to the bank a tract of land belonging to him, also a tract of land, one-half of which belonged to his wife; she joined in the mortgage, but the debt was entirely the debt of the husband. In 1915 the land was sold by order of the court and Mrs. Bishop's part of the land, which was applied to the mortgage debt, brought $1,911.25. As her land had been sold for her husband's debt, to this extent she became a creditor of her husband. Thus things ran along until 1920, when he had the stock issued and put in her name. He paid on the stock in all $2,046.92, and she gave her note, which is still outstanding, for the remainder of the purchase money of the stock.

At the time of this transaction in regard to the stock, the husband was indebted to the wife for the amount which her land had paid on his mortgage debt to the bank. The stock lacked several hundred dollars of paying this debt, counting the interest which had accrued up to that time. The wife was a *bona fide* creditor of her husband, for her land had been sold to pay his debt. The transfer of the stock to her was not, therefore, without consideration and was not a fraudulent transfer within the meaning of section 1906, Kentucky Statutes. A debtor has the right to pay a *bona fide* creditor, and a transfer of property to the extent of a *bona fide* debt is not fraudulent. By section 1910, Kentucky Statutes, all

such transfers made with the intent to prefer one creditor to another may be adjudged to inure to the benefit of all the creditors, but the petition for this purpose must be filed within six months thereafter. The petition in this case was not filed for more than two years after the transfer. Therefore, no relief can be had under this section. tion.

By section 2127, Kentucky Statutes, marriage gives to the husband no estate or interest in the wife's property, real or personal. The wife holds all her estate to her separate and exclusive use and no part of it may be subjected to the payment of the husband's debt, except as provided in that section. By section 2128 she may make contracts, sue and be sued as a single woman. Under this statute where the wife's property has been sold to satisfy the husband's debt, he is under the same obligation to pay her the money so applied to his debt as he would be to any stranger, and the conveyance of his property to the extent of the debt is not fraudulent. There is no evidence that Mrs. Bishop holds the stock for her husband; on the contrary, it appears from the proof that he has used in his business a large amount of her money outside of the proceeds of the sale of her land above referred to. Beatty v. Dudley, 80 Ky. 381; Seiler v. Walz, 100 Ky. 105; Granberry v. Pierce, 151 Ky. 794; Koch v. Hall, 188 Ky. 378.

Judgment reversed and cause remanded for a judgment as above indicated.