# Hord et al. v. Green.

(Decided December 18, 1931.)

J. P. CHENAULT for appellant.

J. J. GREENLEAF for appellee.

OPINION OF THE COURT BY HOBSON, COMMISSIONER— Reversing.

On August 8, 1927, Sarah J. Hord and her husband conveyed to her four daughters a tract of land containing 37 acres in Madison county, and on August 18, 1928, Everett R. Green, brought this action against her and her daughters under section 1906, Kentucky Statutes, to set aside the deed as fraudulent. On final hearing the circuit court adjudged the plaintiff the relief sought. The defendants appeal.

The facts are these: Mrs. Hord and Everett R. Green were brother and sister. Their father divided his land between them, providing in the deed that each of them was to take care of him one-half of the time and that, if either did not do this, the one in default should pay the other $3 a week for the excess time. The father stayed with Everett Green, after the year 1915. He died on July 24, 1927. On August 4, 1927, Green's attorneys wrote Mrs. Hord a letter asserting Green's claim against her for taking care of the father since 1915. She did not answer the letter; he filed suit, and on June 2, 1928, judgment was rendered against her in the action for $78 a year for the last twelve years of her father's life, with interest, and this suit was then brought to enforce satisfaction of the judgment.

On the other hand, the proof for the defendants shows these facts: Mrs. Green had eight daughters and three sons; the three sons being the youngest members of the family, and the youngest son being ten years old when the proof was taken. Four of her daughters were teachers and for a number of years had taught at good salaries, sending to their mother all the spare money they received as a loan, upon her promise to pay them the money so loaned. They each sent her in this way for several years between four and five hundred dollars a year. They lived with their mother during vacation. The mother gave them no note for the money so furnished, but simply promised to pay them. The tract of land upon which the mother lived contained about 53 acres. The house was on 16 acres of this ground. The mother and her husband executed to a creditor a mortgage on this 16 acres. The mortgage was foreclosed in the spring of 1927, and the land was sold. The daughters, when they came home, for the first time learned of this mortgage and the sale of the land under it. When the land was sold, the mother and her family moved out of the 16 acres to give possession to the purchaser and went with her family into a barn and was living there when the daughters came home. They at once set to work to build a home for the family on the remainder of the tract, and demanded of their mother security for the money they had furnished and for what they put into the house. The mother agreed to execute a deed to them, but no deed was executed until August 8, 1927, which was four days after the letter had been written notifying the mother of the claim of Everett R. Green. She testifies.

that she was not home at the time and did not receive this letter until later. But the circumstances indicate that the fact was at least known in the family when the deed was made, for it appears that, though the mother was away from the home, the deed was sent to her to be executed where she was and was executed by her there and promptly put to record.

Sections 1906, 1910, and 1911, Kentucky Statutes, are as follows:

"Every gift, conveyance, assignment or transfer of, or charge upon, any estate, real or personal; or right or thing in action, or any rent or profit thereof, made with the intent to delay, hinder or defraud creditors, purchasers or other persons, and every bond, or other evidence of debt given, action commenced, or judgment suffered, with like intent, shall be void, as against such creditors, purchasers and other persons. This section shall not affect the title of a purchaser for valuable consideration, unless it appear that he had notice of the fraudulent intent of his immediate grantor or of the fraud rendering void the title of such grantor."

"Every sale, mortgage or assignment made by debtors, and every judgment suffered by any defendant, or any act or devise done or resorted to by a debtor, in contemplation of insolvency, and with the design to prefer one or more creditors to the exclusion, in whole or in part, of others, shall operate as an assignment and transfer of all the property and effects of such debtor, and shall inure to the benefit of all his creditors (except as hereinafter provided) in proportion to the amount of their respective demands, including those which are future and contingent; but nothing in this article shall vitiate or affect any mortgage made in good faith to secure any debt or liability created simultaneously with such mortgage, if the same be lodged for record within thirty days after its execution."

"All such transfers as are herein declared to inure to the benefit of creditors generally shall be subject to the control of courts of equity, upon the petition of any person interested, filed within six months after the mortgage or transfer is legally lodged for record, or the delivery of the property or effects transferred."

These provisions are to be read together. A deed made with fraudulent intent to delay, hinder, or defraud creditors is void. But a deed which is made in contemplation of insolvency and with the design to prefer one or more creditors to another is not void, and only operates as an assignment upon a petition filed within six months after the deed is lodged for record. The action of Everett Green was not brought within six months after the deed was lodged for record, and, if the transaction falls within the provisions of section 1910, he can have no remedy.

A deed which is made in good faith to pay or secure one creditor in an honest debt is not executed with intent to defraud other creditors within the meaning of section 1906; but is a conveyance in contemplation of insolvency to prefer one creditor to others, where, as here, this is all the property the grantor has. A debtor may pay his honest debts, and, where he simply prefers one creditor to others, their only remedy is under section 1910, Kentucky Statutes. Seiler v. Walz, 100 Ky. 105, 29 S. W. 338, 31 S. W. 729, 17 Ky. Law Rep. 301; Redd v. Redd, 67 S. W. 367, 23 Ky. Law Rep. 2379; Bishop v. People's, Etc., Bank, 210 Ky. 396, 275 S. W. 865, and cases cited. The proof for the defendants is uncontradicted. The four daughters had lent to the mother more money than the land was worth. There was no inadequacy in the consideration. They made their mother's home their home during vacations when their schools were not in session, and one purpose they had in building the new house was to secure this home for themselves. They told their mother it would also be her home, but no right was retained in the deed, and they were morally bound to provide for their mother, if nothing had been said about this. The land is the property of the daughters, and their title is not affected by what was said about a home for their mother.

It is earnestly insisted that such transactions between members of the family are viewed with suspicion. This is true, but the rule is only that the presumption is against the validity of the transaction. The presumption here as in other cases may be met by proof. The proof here satisfies the court that the daughters furnished the money to the mother upon her promise to pay them, that the sums so lent were more in amount than the value of the land, and that the deed was executed to the daughters pursuant to a promise made to the daughters before

August 4, and in June or July, 1927, when they returned home and found out the conditions of things.

Judgment reversed, and cause remanded, with directions to dismiss the petition.