**WOLF et al. v. EBLEN.**
No. 7934.

Circuit Court of Appeals, Sixth Circuit.
Jan. 20, 1939.

A. Shelby Winstead, of Louisville, Ky. (Woodward, Dawson & Hobson and A. Shelby Winstead, all of Louisville, Ky., on the brief), for appellants.

J. W. Henson, of Henderson, Ky. (N. Powell Taylor, J. W. Henson, and Henson & Taylor, all of Henderson, Ky., on the brief), for appellee.

Before HICKS, SIMONS, and ALLEN, Circuit Judges.

ALLEN, Circuit Judge.

Appellee, as receiver of an insolvent national bank, sued to enforce the individual liability of Louis G. Wolf as owner of fifteen shares of capital stock of the bank at the time it closed its doors on January 14, 1932. Judgment for $1,639.84 was rendered against Louis G. Wolf, and execution issued thereon was returned nulla bona. The instant proceeding is a suit in equity to collect the amount of the judgment.

In 1922, Louis G. Wolf and his six brothers and sisters each owned an undivided one-seventh interest in certain real property valued at $10,000, located in the city of Henderson, Kentucky. Under a mutual agreement, the six brothers and sisters deeded their respective interests to Louis G. Wolf in March, 1922, and he paid cash in the amount of $2,250, and gave promissory notes aggregating approximately $7,000 to each of the grantors in consideration therefor. The notes were never paid. Shortly after the bank failed, but prior to the Comptroller's order of assessment, Louis G. Wolf deeded the property in question, together with 27½ acres of farm land of the value of $500, to his sister, Ottilia K. Wolf, in consideration, among other things, of the cancellation of the notes theretofore executed by himself to the order of his brothers and sisters. The deeds for the two properties were promptly recorded, and all the notes in question were endorsed to Ottilia K. Wolf with the understanding that they should be cancelled when the deeds were recorded, and that if she should sell the properties she would account to each of her other brothers and sisters for one-sixth of the amount received.

The District Court found that the conveyances by Louis G. Wolf to Ottilia K. Wolf were made by him with intent to delay, hinder and defraud his creditors, including appellee, and that Ottilia K. Wolf had notice of the fraudulent intent; that the deeds were without adequate or valuable consideration and were void as to appellee; that the only interest of Ottilia K. Wolf in the property is the amount of the note executed by Louis G. Wolf to her as payee on August 28, 1922, with interest, and decreed that the receiver had a prior lien upon the property in the amount of the judgment, and ordered its sale.

The action was brought under Sections 1906, 1907 and 1907a of the Kentucky Statutes, the pertinent portions of which read as follows:

§ 1906. "Every gift, conveyance, assignment or transfer of, or charge upon, any estate, real or personal, or right or thing in action, or any rent or profit thereof, made with the intent to delay, hinder or defraud creditors, purchasers or other persons, and every bond, or other evidence of debt given, action commenced, or judgment suffered, with like intent, shall be void, as against such creditors, purchasers and other persons. This section shall not affect the title of a purchaser for valuable consideration, unless it appear that he had notice of the fraudulent intent of his immediate grantor or of the fraud rendering void the title of such grantor."

§ 1907. "Every gift, conveyance, assignment, transfer or charge made by a debtor, of or upon any of his estate without valuable consideration therefor, shall be void as to all his then existing liabilities, but shall not, on that account alone, be void as to creditors whose debts or demands are thereafter contracted, nor as to purchasers with notice of the voluntary alienation or charge; and though it be adjudged to be void as to a prior creditor, it shall not therefore be deemed to be void as to such subsequent creditors or purchasers."

§ 1907a. "That hereafter in this Commonwealth it shall be lawful for any party who may be aggrieved thereby, when any real property has been fraudulently conveyed, transferred or mortgaged, to file, in a court having jurisdiction of the subject matter, a petition in equity against the parties to such fraudulent transfer or conveyance or mortgage, or their representatives or heirs, alleging therein the facts showing their right of action and alleging such

fraud, or the facts constituting it, and describing such property, and when done a lis pendens shall be created upon the property so described, and said suit shall progress and be determined as other suits in equity, and as though it had been brought on a return of nulla bona, as has heretofore been required. * * *"

Appellants contend that the conveyances are preferential only, and not fraudulent within the provisions of Section 1906, and that they can be attacked only under Sections 1910 and 1911, Kentucky Statutes,[1] by a suit filed within six months after the recording of the transfer, which was not done. But appellants did not plead either of these defenses. The petition was not framed under Section 1910 of the Kentucky Statutes, as was the case in Grand Lodge of Kentucky v. First National Bank, 251 Ky. 189, 64 S.W.2d 474, and Lyon v. Harris, 275 Ky. 299, 121 S.W.2d 696, relied on by appellants. It was framed under Sections 1906 and 1907, and notice of lis pendens was given in accordance with Section 1907a. The answer simply denied the material allegations of the petition and made no issue either as to preference or as to limitation of action. Nor do the assignments of error raise these questions.

In the case of Gillardi v. Henry, 272 Ky. 188, 113 S.W.2d 1158, which dealt with a similar situation, the court said [page 1162]:

"Much of the brief of appellant is devoted to the urging of the plea of limitations that defendants interposed in their answer, and which counsel say is sustainable under the provisions of section 1911 of Baldwin's 1936 edition of Carroll's Kentucky Statutes. But the six months' limitation therein prescribed is exclusively applicable to an attack upon a preferential conveyance, as set forth in the immediately prior section 1910; this action not having been brought within six months after the recording of the attacked deed from the LaFatas to their nephew, the appellant. The instant action is brought under sections 1906, 1907, and 1907a of the same statutes, and which may be maintained at any time within five years after the perpetration of the fraud * * *."

In the Gillardi Case, then, the plea of limitations had actually been interposed in the case, and yet the Court of Appeals of Kentucky held that the transfer should be set aside.

■ We are loath, however, to rely upon technicalities with reference to these contentions. The conclusive answer is that this record shows that the conveyances were not made in contemplation of insolvency. The case therefore does not come within the line of decisions relied on by appellants. Cf. Hord v. Green, 241 Ky. 641, 44 S.W.2d 549. At the time the bank failed and the conveyances were made, Louis G. Wolf was not insolvent. Only a fraction of his assets of some $10,500 would be required to satisfy the judgment. He made the conveyances with the deliberate purpose of rendering himself insolvent in order to avoid payment of this claim. The court found that this was done with intent to delay, hinder and defraud his creditors, and that the grantee had notice of the fraudulent intent. There is ample evidence to support this finding, and therefore the case falls squarely within the provisions of Sections 1906, 1907, and 1907a of the Kentucky Statutes.

Appellants also urge that the court's findings are not supported by the state decisions upon this question, and we proceed to consider that point.

■ The rights of creditors attached immediately upon the failure of the Henderson National Bank. Scott v. Deweese,

---

[1] § 1910. "Every sale, mortgage or assignment made by debtors, and every judgment suffered by any defendant, or any act or device done or resorted to by a debtor, in contemplation of insolvency, and with the design to prefer one or more creditors to the exclusion, in whole or in part, of others, shall operate as an assignment and transfer of all the property and effects of such debtor, and shall inure to the benefit of all his creditors (except as hereinafter provided) in proportion to the amount of their respective demands, including those which are future and contingent; but nothing in this article shall vitiate or affect any mortgage made in good faith to secure any debt or liability created simultaneously with such mortgage, if the same be lodged for record within thirty days after its execution."

§ 1911. "All such transfers as are herein declared to inure to the benefit of creditors generally shall be subject to the control of courts of equity, upon the petition of any person interested, filed within six months after the mortgage or transfer is legally lodged for record, or the delivery of the property or effects transferred."

472

181 U.S. 202, 21 S.Ct. 585, 45 L.Ed. 822; Laurent v. Anderson, 6 Cir., 70 F.2d 819, 823. A necessary consequence of the transfers by Louis G. Wolf was to hinder, delay and defraud his creditors, including appellee. The presumption of fraudulent intent on his part is irrebuttable and conclusive. Williams v. Travis, 5 Cir., 277 F. 134; Central Nat. Bank v. Hume, 128 U.S. 195, 211, 9 S.Ct. 41, 32 L.Ed. 370.

As this case concerns the alleged fraudulent conveyance of real property situated in Kentucky, the statutes and decisions of the highest court of that state are controlling. Allen v. Ligon, 175 Ky. 767, 194 S.W. 1050, lays down three conditions which the grantee must meet in order to come within the protection of Section 1906 as a purchaser for valuable consideration. These conditions are (1) good faith must appear; (2) a consideration must pass at the time of the conveyance, and (3) it must be a fair equivalent of the thing conveyed. If either of these essentials is wanting, the sale is fraudulent under the statute. In the instant case the recited consideration, namely, cancellation of notes aggregating about $7,000 exclusive of interest, is a fair equivalent of the value of the property conveyed, and the consideration passed at the time of the conveyance. But good faith on the part of the grantee is entirely lacking. Ottilia K. Wolf and her brothers and sisters not only had notice of the fraudulent conveyances, but they actually instigated the plan to defraud, hinder and delay creditors of Louis G. Wolf, especially appellee. Ottilia K. Wolf testified that both she and her other brothers and sisters knew of the bank's failure, and at once insisted that Louis G. Wolf make the conveyances, because they did not want the bank or its receiver or creditors to take the property. August Wolf, immediately after the failure of the bank, demanded that his brother convey both of the properties. He said, "I did not want the Henderson National Bank or its receiver or creditors or anybody else, to get this property because I thought it really belonged to us." The contention that the conveyance was for a valuable consideration does not under the statute dispense with the requirement of good faith. The court in Campbell v. First National Bank of Barbourville, 234 Ky. 697, 27 S.W.2d 975, discussing Section 1906, Kentucky Statutes, said [page 977], "the only question is the intent of the grantor in conveying the property, and the knowledge of that intent by the grantee." Since the intent to hinder, delay and defraud creditors was present, and the grantee knew of that intent, the conveyance was void. Trustees of First National Bank of Stanford v. Saufley, 268 Ky. 732, 105 S.W.2d 605; Dotson v. People's Bank, 234 Ky. 138, 27 S.W. 2d 673; Farmers' Bank & Trust Co. v. Peters, 226 Ky. 403, 11 S.W.2d 103; Springfield State Bank v. Kelly, 267 Ky. 595, 102 S.W.2d 360.

The decree is affirmed.